IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NATHANIEL A. JACKSON,**

       Petitioner,

  vs.                          Civil Action 2:15-cv-313
                                  Judge Frost
                                  Magistrate Judge King

**CYNTHIA MAUSSER,** *et al.***,**

       Respondents.

**REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, was convicted in 1992 of aggravated murder with a firearm specification and was sentenced on the murder conviction to life in prison with the possibility of parole after twenty years and on the firearm specification to three years in prison. *See Jackson v. Russell*, 1:95-cv-165 (S.D. Ohio). Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the denial of his release on parole. The *Petition*, ECF 1, names as respondents the Chairperson of the Ohio Adult Parole Board ("OAPB"), as well as the OAPB itself. Petitioner alleges that he appeared before the OAPB on November 17, 2014; the OAPB denied his release at that time and continued parole consideration for sixty (60) months. *Petition*, PageID# 2-3. *See also Affidavit of Debra Warren*, attached as *Exhibit 16* to *Motion to Dismiss*. Petitioner claims in this action that, in doing so, the OAPB acted in violation of petitioner's rights under the *ex post facto* clause of the United States Constitution.

1

This matter is now before the Court on respondent's motion to dismiss the action for failure to exhaust or as a successive petition, *Motion to Dismiss*, ECF 5, and on petitioner's motion for summary judgment, *Motion for Summary Judgment*, ECF 10. The Court will consider the motions in reverse order.

### *Motion for Summary Judgment*

Petitioner's *Motion for Summary Judgment* asks that this Court direct the OAPB "to immediately return him before the Board as the Board in this Petition has not properly Answered the Complain." *Id*. at *PageID#* 142 [sic]. In support of the motion, petitioner contends that no timely response was made to the *Petition* and that, in any event, the response actually filed, *i.e.*, the *Motion to Dismiss*, was improperly filed on behalf of the Warden of the Chillicothe Correctional Institution, the prison in which petitioner is currently incarcerated, rather than on behalf of the named respondents. Petitioner's motion is without merit in both respects.

Although response to the *Petition* was originally due on February 16, 2015, *see Order*, ECF 2, the Court thereafter extended that date to April 17, 2015. *Order*, ECF 4. The *Motion to Dismiss* was in fact filed on April 17, 2015, and is therefore not untimely.

The *Motion to Dismiss* was filed on behalf of the "Respondent." *Motion to Dismiss*, PageID# 19. Petitioner contends that, because the *Petition* names the Chairperson of the OAPB and the OAPB itself as respondents, there has been no proper response to the *Petition*. However, as counsel for respondent properly notes, the proper respondent in this habeas corpus case is the person who has custody of

2

the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.") That person is the warden of CCI. It was therefore not improper to file the *Motion to Dismiss* on behalf of the "Respondent."

In short, petitioner's *Motion for Summary Judgment* is without merit.

## *Motion to Dismiss*

Respondent moves to dismiss the action as either unexhausted or as a second or successive petition. *Motion to Dismiss*. The Court concludes that, although this is not a successive petition, the matter must be dismissed as unexhausted.

### Second or Successive Petition

In 1995, petitioner filed a habeas corpus action in this Court, challenging his conviction for aggravated murder with a firearm specification in the Hamilton County Court of Common Pleas. *Jackson v. Russell*, 1:95-cv-165 (S.D. Ohio). Final judgment dismissing that case was entered on March 25, 1998. The United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability, *Jackson v. Russell*, Case No. 98-3441 (6th Cir. Sept. 18, 1998), and the United States Supreme Court denied the petition for a writ of *certiorari. Jackson v. Russell,* 528 U.S. 1119 (1999). Petitioner first appeared before the OAPB in June 2008. *Affidavit of Debra Warren,* attached as *Exhibit 16* to *Motion to Dismiss*. This action challenges petitioner's most recent denial of parole following his third appearance before the OAPB in November 2014.

3

Federal law does not permit the filing of a "second or successive application" unless "the applicant . . . move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Clearly, the statute in this regard does not "refe[r] to all . . . applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). A later filed petition that presents a claim that was not ripe for presentation at the time the earlier action was filed will not be considered a second or successive petition within the meaning of the statute. *Id.* at 947. "A petition is successive if 'it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect.'" *In re Marsch*, 209 Fed. Appx 481, 483 (6th Cir. Dec. 20, 2006)(quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)(citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). The United States Court of Appeals for the Sixth Circuit has held that a habeas corpus petition that challenges the denial of parole, but which is filed after an earlier petition challenging the underlying criminal conviction, is a second or successive petition within the meaning of § 2244(b)(3)(A) if the denial of parole occurred prior to the filing of the first habeas corpus action. *In re Marsch*, 209 Fed. Appx 481.

As noted, petitioner's first habeas corpus action became final in this Court in 1998. Petitioner's first appearance before the parole board occurred long after that date, in 2008. It therefore cannot be said that the claim asserted in this action was ripe for presentation in his first habeas corpus action. Under these circumstances, the Court concludes that this is not a second or successive petition

4

within the meaning of § 2244(b)(3)(A).

<u>Exhaustion</u>

Respondent also argues that the current petition must be dismissed for failure to exhaust the claim presented. This Court agrees.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

In Ohio, a prisoner who wishes to challenge the action of the parole board may file an action for mandamus under O.R.C. § 2731.01 *et seq. Williams v. Perini*, 557 F.2d 1221 (6th Cir. 1977). *See also Hattie v. Anderson,* 68 Ohio st. 3d 232 (1994). Petitioner has not alleged that he has presented his claim to any state court. It therefore appears that he has not exhausted the claim presented in this action. Under these circumstances, this Court cannot entertain that claim.

It is therefore **RECOMMENDED** that petitioner's *Motion for Summary Judgment*, ECF 10, be denied, that respondent's *Motion to Dismiss*, ECF 5, be granted, and that this action be dismissed, without prejudice, for failure to exhaust.

If any party seeks review by the District Judge of this *Report*

*and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


June 25, 2015                                    *s/Norah McCann King*
 (Date)                                         Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge

6